THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS G. HOWARD, Appellant.

Third Department, July 13, 1971.

*Leonard H. Warren* for appellant.

*James C. Steenbergh, District Attorney,* for respondent.

STALEY, JR., J. This is an appeal from a judgment of the County Court of Greene County, rendered August 15, 1969 upon a verdict convicting defendant of the crimes of robbery in the first degree (Penal Law, § 160.15, subd. 2); three counts of assault in the second degree (Penal Law, § 120.05, subds. 2, 3 and 6); three counts of possession of dangerous instruments and appliances (Penal Law, § 265.05, subd. 2); and possession of stolen property in the first degree (Penal Law, § 165.50).

Appellant was tried jointly with Donald C. Elfe as codefendant, for the crimes for which they were both convicted. The facts on which the convictions were based are set forth in detail in the statement of this court on the appeal of Elfe from his conviction (*People* v. *Elfe,* 37 A D 2d 208 [decided herewith]) and need no repetition here.

Appellant contends that the first degree robbery conviction should be vacated and the charge dismissed in that the weapon alleged to have been used, '' a loaded .45 calibre Smith & Wesson revolver '', was not, in fact, a deadly weapon because it was largely inoperative. The count charged that appellant was armed with a deadly weapon during the commission of the crime. ''. Any loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged '' is a deadly weapon. (Penal Law, § 10.00, subd. 12; cf. *People* v. *Davis,* 29 A D 2d 556; *People* v. *Gordon,* 19 A D 2d 828.) Since there was testimony that, although the cylinder head and stop were not operating on the gun involved, the cylinder could be rotated and aligned manually to operate and discharge the weapon and that the weapon had been test-fired three times, the jury could properly find that the gun qualified as a deadly weapon.

Appellant next contends that the three counts of assault in the second degree should be dismissed. There was ample evidence from which the jury could find appellant guilty on all three counts of assault. Each count charged a different crime involving different conduct. Further, since the sentences were made

to run concurrently, there was no multiple punishment. (Penal Law, § 70.25; *People ex rel. Maurer* v. *Jackson,* 2 N Y 2d 259.)

Appellant also contends that possession of Trooper Gallelli's revolver was not a crime for which he could be convicted because he had also been charged with the theft of the revolver in the first degree robbery count, and the same evidence cannot support both theft and possession thereof in a simultaneous transaction. After the theft of the revolver, appellant did not discard the same, but remained in possession thereof for a considerable period of time before he was apprehended. Thus, the theft and possession were not necessarily simultaneous incidents. Possession of the revolver was not merely incidental to the robbery and assault, and, therefore, constituted a separate and distinct crime.

Appellant further contends that the eighth count of the indictment should be dismissed because there is no proof that he possessed a stolen car. Possess means to have physical possession or otherwise to exercise dominion or control over tangible property. (Penal Law, § 10.00, subd. 8.) There is sufficient evidence in the record from which the jury could have determined that the red Pontiac automobile was stolen; that appellant knew it was stolen; and that the appellant, although he did not actually drive the car, did exercise some domain or control over it.

We have considered appellant's other arguments and have found them to be without merit.

The judgment of conviction should, therefore, be affirmed.

HERLIHY, P. J., COOKE, SWEENEY and SIMONS, JJ., concur.

Judgment affirmed.