■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON E. WEST, Appellant.— Appeal, by permission, from an order of the County Court, Albany County, entered May 15, 1972, which denied, without a hearing, defendant's motion to vacate a judgment of conviction. In October of 1959, defendant was sentenced by the Albany County Court as a multiple felony offender on the basis of a prior 1953 felony conviction in New Mexico. In the instant proceeding, defendant seeks to challenge the New Mexico conviction on the ground that he was not advised at any stage of the proceedings against him in that State of his right to counsel. In opposition to defendant's assertion, the District Attorney presented court records of the New Mexico court indicating clearly that defendant had, in fact, been advised of his right to counsel. The County Court found that the records of the New Mexico court indicated that defendant was fully advised, prior to entering his plea of guilty, of his right to counsel and denied his motion without a hearing. Of course, defendant could properly challenge the constitutionality of the prior New Mexico conviction in the instant proceeding (CPL 400.20, subd. 6; *People* v. *Jones,* 17 N Y 2d 404; *People* v. *Cornish,* 21 A D 2d 280) and his sworn allegations entitled him to a hearing on the issues raised unless the records submitted conclusively demonstrate the falsity of such allegations and there is no reasonable probability that the averments are true (CPL 440.30; *People* v. *Randolph,* 25 N Y 2d 765; *People* v. *Picciotti,* 4 N Y 2d 340; *People* v. *White,* 309 N. Y. 636, cert. den. 352 U. S. 849; *People* v. *Lain,* 309 N. Y. 291; *People* v. *Guariglia,* 303 N. Y. 338; *People* v. *Richetti,* 302 N. Y. 290). The question is thus whether the New Mexico court records are sufficient to refute defendant's allegations without a hearing. Such records must not be equivocal (see, *People* v. *Randolph, supra*; *People* v. *Shaver,* 26 A D 2d 735), but here the Judge presiding at the proceedings against the defendant in New Mexico unequivocally states

that the defendant was advised of his right to counsel, and thus there is provided sufficient proof of that fact. Moreover, while the record does not state that the defendant waived his right to counsel, and a waiver cannot be presumed from a silent record (*Burgett* v. *Texas,* 389 U. S. 109), here the record indicates that defendant was advised of his right to counsel and then entered a plea of guilty. From this, waiver must be presumed. Order affirmed. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.