■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BASS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 9, 1976, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed (see *People v Simms,* 57 AD2d 579). Latham, J. P., Cohalan, Damiani and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BOLLING, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 11, 1977, convicting him of criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Two police officers, using a yellow cab as a radio patrol car, pursued a stolen Lincoln Mark IV automobile in which the appellant occupied the front passenger seat. The Lincoln was abandoned and the unknown driver and the appellant fled. The appellant was apprehended a short distance from the car. The ignition of the Lincoln had been removed, leaving a hole the size of a half dollar on the passenger's side of the steering post; the Chapman lock with which it was equipped was found disconnected and dangling beneath the dashboard in the area of the footbrake. The hole and the dangling lock were visible from the front passenger seat. The arresting officer testified that the appellant made a postarrest statement that his "friend" was "going to drive him to the corner". The appellant testified that he had entered the car just moments before the police began their pursuit, when the driver had agreed to give him a lift home, and that he had been in the process of giving the driver directions as to the route he should take. He stated that he was unaware that the car had been stolen and had not seen the hole in the steering column or the dangling lock. His account of his actions in the hours preceding his arrest was incredible. On appeal, the appellant argues that the verdict was against the weight of the evidence and that certain errors and omissions in the charge with respect to "possession" deprived him of a fair trial, notwithstanding his failure to take exceptions thereto or to make any requests to charge. We find that appellant's guilt was established beyond a reasonable doubt (see *People v Howard,* 37 AD2d 178, 180). In this posture of the proof, the charge was adequate (cf. *People v Felcone,* 43 AD2d 976; *People v Von Werne,* 41 NY2d 584, 590; *People v Howard,* 37 AD2d 178, *supra).* "On the whole record, the proof of appellant's guilt is overwhelming and there is no reasonable possibility that errors, if any, might have contributed to the conviction (see *People v Crimmins,* 36 NY2d 230; *People v Arthurs,* 24 NY2d 688, 695)" *(People v Lopez,* 59 AD2d 767, 769). Latham, J. P., Cohalan, Damiani and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY DYER, Appellant.—Judgment of the Supreme Court, Kings County, rendered November 30, 1976, affirmed *(People v Gonzales,* 54 AD2d 946). Hopkins, J. P., Latham, Titone and O'Connor, JJ., concur.