THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE HADLEY, Appellant.

Fourth Department, April 13, 1979

APPEARANCES OF COUNSEL

*Robert Weldon* for appellant.

*Lee Clary, District Attorney (Roscoe Eisenhauer* of counsel), for respondent.

**OPINION OF THE COURT**

Simons, J.

Defendant has been convicted of criminal possession of stolen property removed from the Anchor Motor Freight Terminal on Wellesly Island in the Thousand Islands. Tractor-trailers loaded with new cars were stored in the terminal and the thefts involved equipment removed from these vehicles.

On September 18, 1977 defendant was the boss of a crew employed to steam clean the stored vehicles. He and his three helpers arrived at the terminal in the late morning driving a van and a truck equipped with the cleaning machines. Earlier, State and local police officers had been alerted by Anchor because of prior thefts that summer. On the day of the crime the officers were hidden in the woods near the terminal and they observed defendant and his companions as they worked at cleaning the trucks. During the morning one of the men, Lizana, removed a battery and some floor mats from vehicles stored at the terminal and placed them in the equipment truck. At about 4:00 P.M. Lizana took two tires and placed them in the van. He then transferred the stolen battery from the equipment truck to the van and covered all the items with a tarpaulin. Defendant and codefendant Brown were in the general area while all this was going on and at one point, when Lizana was rolling one of the stolen tires to the van, defendant and Brown stood 10 to 15 feet away looking in Lizana's direction. The officers testified that defendant apparently said something to Lizana as he rolled the tire by him and the three men laughed. The floor mats were left in the truck. At about 5:00 P.M. the men left, Brown driving the van with defendant seated beside him, and Lizana driving the equipment truck. The police officers radioed ahead to State Police at the Wellesly Island toll barrier and when the truck approached in the lead, the troopers stationed there stopped it, discovered the floor mats and arrested Lizana. The troopers then pulled the van over to the side of the road, searched it and discovered the battery and tires, and placed defendant and Brown under arrest.

Defendant contends first, that the evidence is insufficient to establish guilt and second, that the trial court erred in permitting the prosecution to introduce evidence of prior criminal acts and in refusing to suppress the stolen articles seized at the toll barrier. We affirm.

A person is guilty of criminal possession of stolen property

in the second degree when he knowingly possesses it with the intention of benefiting himself or a person other than the true owner (Penal Law, § 165.45).

■ Defendant's first contention is that he is not guilty of unlawful possession under this statute because he never "possessed" the stolen property; he was merely a passenger in the van in which it was found. Subdivision 8 of section 10.00 of the Penal Law, however, defines "possess" as having "physical possession or otherwise * * * exercis[ing] dominion or control over tangible property." Thus, possession may be constructive and if defendant exercised dominion or control over the stolen property, he may be guilty of unlawfully possessing the contents of the van although he was not driving it (see *People v Peters,* 43 AD2d 599; *People v Howard,* 37 AD2d 178, 180). Defendant was the foreman of this crew and supervised their activities. As foreman, he also was responsible for the use of his employer's van and the fact that he directed or permitted another employee to drive it is not a circumstance which may be used to exonerate him. This evidence was sufficient to take the case to the jury on the issue of possession.

Defendant also contends that even if he did "possess" the stolen property, it was concealed in the van and he did not "knowingly" possess it. Knowledge, like any other fact, may be proved circumstantially by the conduct of the defendant. Generally, possession by itself is sufficient to permit the inference that the possessor knows what he possesses, particularly if it is in his hands, on his person, in his vehicle, or on his premises (see *People v Reisman,* 29 NY2d 278, 285). To overcome any weakness in the inference which might arise because of the circumstances of this case, the People introduced testimony from Lizana that he told defendant on the way to work that he was going to steal some equipment, he told defendant later that day that he had done so, and he also testified that on two prior occasions he had stolen equipment while working at the terminal and turned it over to defendant. Added to this was the testimony by the surveilling police officers that Lizana removed the stolen battery and tires from the truck and placed them in the van while defendant was near the van, and on one occasion Lizana passed within 15 feet of defendant rolling a stolen tire while defendant and Brown looked in his direction and joked with him. Common experience would lead a reasonable man to conclude from these facts that defendant knowingly exercised dominion and

control over the stolen items (see *People v Benzinger,* 36 NY2d 29, 32; *People v Wachowicz,* 22 NY2d 369, 372; *People v Cleague,* 22 NY2d 363, 365-366).

■ Defendant claims that the court committed legal error, however, when it permitted the jury to hear this testimony of Lizana that Lizana had stolen tires from the terminal and turned them over to defendant on two prior occasions that summer. The prior thefts were identical to the crime charged in the indictments. They involved the same premises, the same type of stolen property and the same perpetrators. The evidence was properly received to show a common plan or scheme *(People v Molineux,* 168 NY 264, 305-306; *People v Kampshoff,* 53 AD2d 325, 335). Directly in point is the Court of Appeals decision in *People v Marino* (271 NY 317). that case involved an auto dealer who was charged with unlawful possession because, so it was said, he had received and resold stolen vehicles. Evidence of prior similar crimes was introduced to establish knowledge of illegal possession and the Court of Appeals held that the evidence was admissible: "The rule is * * * that, to prove guilty knowledge or intent in cases like this, other similar transactions closely connected in circumstances and time with the one in question are competent as evidence tending to prove knowledge of illegal possession" *(People v Marino, supra,* p 321).

■ Finally, defendant contends that the search of the van at the toll barrier and the seizure of the stolen items were unlawful. We find the warrantless search may be justified on either of two grounds. First, it was made upon radio advice of the surveilling officers who testified at the trial that they had seen the men in the cleaning crew steal these items and that the van contained the contraband. Thus, the troopers at the barrier, a mile and a half away, had probable cause to arrest defendant and to search the vehicles incident to his arrest (see *People v Spivey,* 46 NY2d 1014; and cf. *People v Lypka,* 36 NY2d 210). It matters not that defendant was placed under arrest after the search. The arrest was contemporaneous with the search and based upon pre-existing probable cause, not evidence acquired during the search (see *People v Evans,* 43 NY2d 160, 166; and see *Peters v New York,* 392 US 40, 67; *United States v Riggs,* 474 F2d 699, cert den 414 US 820).

Furthermore, the warrantless search of the van was justified under the so-called automobile exception (see *People v*

*Kreichman,* 37 NY2d 693, 696-699). Given the knowledge that the troopers at the barrier had and the fact that a motor vehicle was being operated near the Canadian border, they properly stopped and searched it to discover the fruits of a crime *(People v Brown,* 28 NY2d 282; *People v Lewis,* 26 NY2d 547, 552).

Defendant cites *People v Spinelli* (35 NY2d 77) for the proposition that the warrantless search was invalid inasmuch as the police had ample opportunity to obtain a warrant between the time they first observed Lizana stealing some of the property in the morning and the time of the search sometime after 5:00 P.M. *Spinelli,* however, involved an arrest remote from the place of the search for a crime other than the one with which Spinelli was charged. The vehicles in *Spinelli* had been on private property, without registration plates, for a matter of months, and there were no exigent circumstances justifying the police in proceeding without a warrant. The decision is not applicable to the facts of this case.

The judgment should be affirmed.

DILLON, P. J., CARDAMONE, DOERR and MOULE, JJ., concur.

Judgment unanimously affirmed.