THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROBERT E. HELM, Appellant.

Third Department, July 26, 1979

## APPEARANCES OF COUNSEL

*F. Stanton Ackerman* for appellant.

*Sol Greenberg, District Attorney (F. Patrick Jeffers* of counsel), for respondent.

## OPINION OF THE COURT

HERLIHY, J.

At the outset, it should be observed that the guilt of the defendant was proven beyond any reasonable doubt. He was apprehended by the police in the act of committing a burglary and upon this appeal does not raise any issue as to his guilt.

The primary issue raised by the defendant is his contention that his assigned trial counsel was inadequate and as a result he was deprived of his constitutional right to effective representation (cf. *People v Droz,* 39 NY2d 457). "This complaint, frequently made, is rarely found to have merit." *(People v Droz, supra,* p 459.)

The claim of incompetency of counsel is centered on facts and circumstances relating to a superseding indictment issued on August 18, 1977. Counsel was initially assigned on July 18, 1977 and at the subsequent arraignment of the defendant on that day, counsel found that defendant had prepared a *pro se* motion attacking the indictment dated July 14, 1977. Counsel advised the court of the *pro se* papers and the motion was made. Thereafter, the defendant, on August 22, 1977, appeared in court with his counsel and, after first attempting to persuade the court to revoke the assignment of this particular counsel, he withdrew his complaint. The particular dissatisfaction expressed by defendant on August 22, 1977 was that no one had advised him of the impending superseding indictment.

Subsequently, the defendant appeared in court on August 26, 1977, again attempting to have his assigned counsel discharged. He asserted that counsel had lied to him as to the sufficiency of the indictment and as to a plea bargain. The court continued the assignment and, on August 31, 1977, the assigned counsel caused the matter to again appear before the court upon his motion by way of an order to show cause seeking to be relieved of the assignment.

As to the latter appearance, it was made apparent to the court that the defendant and his counsel were in disagreement on whether or not the defendant had advised his counsel that in the event of resubmission to a Grand Jury he would

not seek to appear before it as a witness pursuant to CPL 190.50 (subd 5). Counsel averred that pursuant to his advice, the defendant had agreed that he would not seek to testify before the Grand Jury. Thereafter, the District Attorney advised counsel that the case was being resubmitted on a particular date and the counsel told the District Attorney that the defendant waived his right to appear. The defendant told the court in regard to the disagreement: "Your Honor, in the Show Cause here, in opposition, he stated that I agreed not to appear before the Grand Jury. Now, we did talk about that, but I did not agree to it. I told him I would think about it, because actually I wanted—the whole thing was I wanted to appear before the Grand Jury on my indictment, that's the whole thing. And he suggested it, and he even said to me, 'I don't want you to appear.' He did say that. But I just said, 'I'll think it over.' I didn't give him a no or a yes."

The defendant, upon this appeal, objects to the finding that he was a "persistent felon" (cf. Penal Law, § 70.10; CPL 400.20); however, the record contains ample justification for such an abominable appellation. It is established that he was not a novice to the workings of the criminal law and was to some extent skilled in the preparation of legal (motion) papers. Nevertheless, there is nothing in the record to show that after consulting with his counsel and being advised of the likelihood of a resubmission to the Grand Jury, he contacted his counsel to advise him what the result was of his avowed endeavor to "think it over".

■ Considering the facts in this case, the defendant having been caught in the act, it is difficult to question defendant's counsel's advice that the defendant should not appear before the Grand Jury. At best, it might be gleaned from the record that there was a mutual misunderstanding between the defendant and his counsel, but there is nothing so prejudicial therein as to the rights of this defendant to require a reversal (cf. *People v Frisbie,* 70 AD2d 1053).

A review of the entire proceeding and all of the complaints as to the effectiveness of counsel demonstrates that in this particular case the defendant seeks here on this appeal by attempting to condemn his own attorney to get a "second bite of the apple". It would be a travesty of justice to reverse this conviction, have the matter resubmitted to another Grand

Jury and the respondent put to the time and expense of once again having to convict the defendant.

■ The defendant's further contention that different counsel should have been assigned in response to his complaints lacks any record support to establish an abuse of discretion by the trial court. Finally, we find no reversible error in the proceedings which resulted in imposing persistent felony offender treatment.

The judgment should be affirmed.

MAHONEY, P. J. (dissenting). CPL 190.50 (subd 5, par [a]) sets forth the circumstances under which a person who was not called as a witness by the People or the Grand Jury may, as a matter of right, appear and testify at the proceedings. If, as here, the matter is presented to the Grand Jury while it is still in the local criminal court, the District Attorney is required to serve an appropriate notice on the defendant (CPL 190.50, subd 5, par [a]). This provision is designed to prevent a District Attorney from depriving a defendant of the opportunity of appearing before the Grand Jury by suddenly and secretly transferring the case out of the lower court and into the Grand Jury at a time when the defendant has no reason to believe a Grand Jury proceeding is in progress. CPL 190.50 (subd 5, par [c]) provides that failure to notify the defendant pursuant to paragraph (a) of subdivision 5 is a defect which would warrant dismissal of the indictment upon a timely motion pursuant to CPL 210.20. Since it is clear that defendant, both with respect to the first indictment and the superseding indictment, timely moved within the five days prescribed (CPL 190.50, subd 5, par [c]), no waiver of his right can be assigned on the ground of timeliness. Accordingly, the resolution of this issue necessarily turns on the issue of whether the defendant, with knowledge that the Grand Jury was considering the charges against him, knowingly waived his right to appear.

A careful review of the record clearly establishes that defendant was deprived of effective representation by counsel that denied him an important statutory right (see *People v Droz*, 39 NY2d 457; *People v La Bree*, 34 NY2d 257). Defendant counsel Neidl conceded in his November 7, 1977 letter to this court* that his visit to defendant at the Albany County

---

* Attorney Neidl's letter was submitted in connection with a proceeding commenced in this court by defendant to have Neidl removed.

Jail took place on August 10, 1977 and not, as alleged in his affidavit of August 24, 1977, on August 12, thereby making it impossible for him to inform defendant on August 10 that he had been advised by the District Attorney's office that the matter was being resubmitted to the Grand Jury, since that information was conveyed to defense counsel on August 12, 1977. While it is clear that on August 10, defendant and his counsel discussed the wisdom of defendant appearing before the Grand Jury, such conversation could only have been premised on a hypothesis that there would be a resubmission. In any event, despite counsel's advice that it would be better for defendant not to appear before that body, the record clearly establishes that defendant wanted to "think it over". He did not indicate to his counsel that he would not appear and he did not instruct him to so advise the District Attorney's office. Yet, on August 15, 1977, defense counsel advised the Assistant District Attorney that his client had waived his right to appear before the Grand Jury upon the resubmission. The superseding indictment was handed down on August 18, 1977.

While it is impossible to define with any precision what constitutes ineffective representation (*People v Bennett*, 29 NY2d 462, 466), at the very least the right of a defendant to be represented by an attorney includes the duty of that attorney to bring before the court all legitimate rights allegedly abridged by the People. Here, the record is replete with efforts by defendant to appear before the Grand Jury or, in the absence of accession to that right, to have the indictment dismissed. The defendant moved on appropriate papers on July 18, 1977 to dismiss the first indictment, the very day Attorney Neidl was assigned to represent him, and Neidl acquiesced in the motion. Thereafter, defendant's attitude that he wanted to testify never changed, as evidenced by his frequent renewals of his motion to dismiss. Yet, defense counsel, without authority, informed the District Attorney, on August 15, 1977, that defendant had waived his right to appear before the Grand Jury upon the resubmission. Accordingly, the court dismissed defendant's motion four days before trial was commenced.

I conclude that Attorney Neidl, knowing his client's state of mind with respect to his right to appear before the Grand Jury, had a duty on August 12, 1977 to inform defendant of the resubmission and ascertain his final position while there

was still sufficient time for defendant to demand and be afforded the opportunity to appear before that body. His failure to discharge that duty effectively deprived defendant of his constitutional right of the assistance of counsel, and, since the lack of such assistance deprived defendant of an opportunity to have the superseding indictment dismissed, it constituted error that cannot be deemed harmless *(People v La Bree, supra)*. While errorless representation is not required, minimally the assistance of counsel must be susceptible of being deemed of an assistive nature *(Brubaker v Dickson,* 310 F2d 30, 37).

The indictment should be dismissed (CPL 190.50, subd 5, par [c]). However, CPL 210.20 (subd 4) provides that if an indictment is dismissed upon any of the grounds specified in CPL 210.20 (subd 1, pars [a], [b], [c]), the court may, upon application of the People, in its discretion, authorize the People to submit the charge or charges to the same or another Grand Jury. CPL 210.20 (subd 1, par [c]) provides for indictment dismissal upon the ground that "[t]he grand jury proceeding was defective, within the meaning of section 210.35" and CPL 210.35 (subd 4) provides that a Grand Jury proceeding is defective when "[t]he defendant is not accorded an opportunity to appear and testify before the grand jury in accordance with the provisions of section 190.50".

The judgment should be reversed, the indictment dismissed and the matter remitted with leave to the People to resubmit to same or another Grand Jury.

SWEENEY, KANE and STALEY, JR., JJ., concur with HERLIHY, J.; MAHONEY, P. J., dissents and votes to reverse in an opinion.

Judgment affirmed.