THIRD DEPARTMENT, DECEMBER, 1981

(December 3, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIE ANN TRAYNHAM, Appellant. — Appeals (1) from a judgment of the County Court of Albany County (Clyne, J.), rendered May 5, 1978, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree, and (2) by permission, from an order of the County Court of Albany County (Clyne, J.), entered March 17, 1981, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing. Police officers on routine patrol observed a car, in which defendant was a passenger, execute an illegal left-hand turn. The car ran a stop sign, and, upon pursuit by the police vehicle, approached speeds of up to 80 miles an hour. Ultimately, the vehicle turned into a parking lot and spun out of control, whereupon both occupants attempted to flee, but defendant was immediately apprehended. Upon entering the abandoned vehicle to turn off the ignition, Officer Weiss observed an activated "police scanner" on the front seat and six fur coats on hangers, with the retail slips attached, in the back seat. A radio transmission stating that the vehicle had been stolen was received shortly thereafter. Defendant and a codefendant were indicted on two counts of criminal possession of stolen property in the first degree. Following a joint jury trial, defendant was convicted of the first count (possession of the coats) and

received an indeterminate sentence of imprisonment not to exceed seven years. This appeal ensued. A threshold question is whether defendant has "standing" to challenge the "search" of the vehicle and "seizure" of the fur coats as violative of her Fourth Amendment rights. Although possession of the property seized is an essential element of the crime charged, a defendant may no longer claim "automatic" standing on this basis alone (*United States v Salvucci*, 448 US 83; *People v Ponder*, 54 NY2d 160). The correct inquiry is whether defendant herself had a "legitimate or reasonable expectation of privacy" in the area searched (*Rakas v Illinois*, 439 US 128, 148-149; *People v Ponder, supra*). On the facts presented, no such expectation of privacy is apparent and defendant is without standing (see *People v Ponder, supra*). Moreover, the challenged search did not violate any of defendant's constitutional rights. The officer was lawfully present in the automobile, the items seized were in plain view, and their incriminatory nature was readily apparent from the attached sales slips (see *People v Battaglia*, 82 AD2d 389, 395). Under these circumstances, the search and eventual seizure were in all respects proper (*Harris v United States*, 390 US 234; *People v Jackson*, 41 NY2d 146, 149-150). Next, defendant raises the contention that the circumstantial evidence against her was insufficient to sustain the conviction. She argues that as a passenger in the vehicle, she never "knowingly possessed" the stolen furs. Possession may be constructive and if the defendant exercised dominion and control over the stolen property, she may be found guilty of possessing the contents of the vehicle although she was not driving it (see Penal Law, § 10.00, subd 8; *People v Hadley*, 67 AD2d 259, 262, citing *People v Peters*, 43 AD2d 599; *People v Howard*, 37 AD2d 178, 180). Generally, possession itself permits an inference the possessor knows what he possesses (*People v Hadley*, 67 AD2d 259, 262, *supra*, citing *People v Reisman*, 29 NY2d 278, 285). Knowledge, like any other fact, may be proved circumstantially by the conduct of the defendant. The facts show a close proximity in time between the burglary of the retail store and recovery of the stolen furs; the presence of an unidentified passenger in the vehicle at the burglary scene; an activated radio scanner in the stolen vehicle; and an attempt on defendant's part to flee. Where the sufficiency of the circumstantial evidence is at issue, the facts are viewed most favorably to the People (*People v Benzinger*, 36 NY2d 29, 32). In our view, there is sufficient evidence in the record from which the jury could have determined that defendant was aware of the stolen property and exercised some dominion and control over it. We have examined defendant's remaining contentions and find them to be without merit. The witness' testimony connecting the vehicle from which defendant fled to the burglary scene, is directly probative of the issue of "knowing possession" of the furs (see *People v McKinney*, 24 NY2d 180, 184-185; *People v Rose*, 84 AD2d 645). We find no abuse of discretion by the sentencing court (*People v Tagliamonte*, 78 AD2d 565; *People v Dittmar*, 41 AD2d 788). Finally, the trial court properly denied, without a hearing, defendant's CPL 440.10 motion to vacate the judgment of conviction (*People v Ford*, 46 NY2d 1021, 1023). Judgment and order affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.