■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL BUTLER, Also Known as GEORGE JOHNSON, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Hellenbrand, J.), imposed February 25, 1976, upon defendant's conviction of robbery in the first degree, upon his plea of guilty, the sentence being an indeterminate term of imprisonment of from four and one-half years to nine years. Sentence affirmed. This excess sentence motion reaches us six years after imposition of the sentence and four years after defendant was paroled. Not only is the motion entirely meritless, but its questionable timeliness casts a sad reflection on how limited public resources are expended in these times of declining ability to fund the criminal justice system. Lazer, J. P., Gibbons, O'Connor and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY DENNIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered April 2, 1981, convicting him of criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. During their investigation concerning two males who were attempting to sell jewelry to both a jewelry store and a pawn shop in Patchogue, New York, detectives proceeded to a third establishment which also buys gold and silver. Upon entering this store, the detectives observed two men standing at the counter with a quantity of jewelry lying in front of them. One man was a suspect known to the detectives, and the other was the defendant. The two were in conversation with a salesperson and defendant made gestures with his hands and pointed toward the jewelry. One of the detectives noticed that some of the jewelry resembled items that had been reported stolen the prior day. Upon initial inquiry the two stated that the jewelry belonged to the suspect's mother. The two were questioned further at the precinct and changed their stories. Meanwhile, several of the items were identified by the true owner, who verified that they had been stolen from her home. Defendant admitted that he had been with his companion the night before, that he had driven him to Patchogue and that, on the way back, they had stopped in the Bellport area. Defendant stated that he waited in the car while his friend met with a third person. Upon his return to the car, the friend told defendant that he "got this stuff, it's hot and I paid him $10". Defendant agreed to drive his friend back to Patchogue the next day to sell the items with the understanding that he would give defendant "gas money". The defendant offered no witnesses. Actual possession need not be proven to support a conviction for criminal possession of stolen property. A person has constructive possession when he exercises "dominion or control over tangible property" (Penal Law, § 10.00, subd 8; see *People v Sierra,* 45 NY2d 56; *People v Phiefer,* 43 NY2d 719). Defendant voluntarily drove his friend and the jewelry in his car for the purpose of selling the jewelry. He therefore acted with the intent to deprive its true owner of the property. Thus, criminal possession was proven beyond a reasonable doubt (see *People v Hadley,* 67 AD2d 259; *People v Howard,* 37 AD2d 178; cf. *People v Johnson,* 71 AD2d 692; *People v Schriber,* 34 AD2d 852, affd 29 NY2d 780). Moreover, under the facts of this case, criminal facilitation was not a lesser included offense. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.