(July 14, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE R. STEWART, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered August 15, 1978, upon a verdict convicting defendant of two counts of the crime of criminal possession of stolen property in the first degree. The underlying facts of this case are set forth in this court's recent decision in *People v Traynham* (85 AD2d 748). Following a high speed auto pursuit by police officers, defendant and a companion, Marie Ann Traynham, attempted to flee but were soon apprehended. Both the auto and six mink coats found on the back seat were later identified as stolen property. Defendant and Traynham were both indicted and defendant was convicted after trial of two counts of criminal possession of stolen property in the first degree.[*] First among several grounds for reversal argued by defendant on this appeal is his contention that the trial court erred in denying his CPL 330.30 motion to set aside the verdict. The ground for the motion was defendant's contention that one of the jurors had been in an argument with him while both were incarcerated and failed to make disclosure when questioned during *voir dire*. After a hearing, including reopening for additional proof, the court denied the motion. We find defendant failed to sustain his burden of proof by a fair preponderance

---

[*] Traynham's conviction on only the count charging possession of the stolen coats was affirmed by this court (*People v Traynham*, 85 AD2d 748, *supra*).

of the evidence on every fact essential to support the motion (*People v Hazelton,* 58 AD2d 945) and that the trial court correctly found that no new trial was necessary (see *People v Brown,* 48 NY2d 388, 393-394). There was insufficient proof to show the juror was ever an inmate at the Albany County Jail. Defendant next contends that his sentence as a persistent felony offender, after a hearing thereon, was erroneous, claiming first that his 1963 grand larceny conviction could not be counted in determining whether he was a persistent felony offender because that conviction was obtained in violation of his constitutional rights (CPL 400.20, subd 6). While a defendant is ordinarily entitled to a hearing to specifically test the constitutionality of a predicate felony conviction unless submitted records conclusively established the constitutionality (*People v Drummond,* 87 AD2d 828; *People v West,* 41 AD2d 987), the court here properly examined the issue and found that defendant had failed to sustain his burden of proof on the issue (*People v Lasky,* 31 NY2d 146). The only proof offered was defendant's unsupported allegation that a juror read a newspaper at the trial in disregard of the court's instructions. A motion to vacate the conviction should have been made at a time when such errors were correctable (*People v Patterson,* 39 NY2d 288, affd 432 US 197). We agree that this contention made 14 years after the trial was insufficient to sustain his burden of proving that he was deprived of his constitutional right to a fair trial. Defendant's next argument is that the sentence imposed upon that 1963 conviction was an indefinite reformatory sentence that cannot be considered to have been in excess of one year as required in order to form the basis for persistent felony offender sentencing (Penal Law, § 70.10, subd 1, par [b], cl [i]). We disagree. Although defendant was originally sentenced to the Elmira Reformatory for an indeterminate term, he was subsequently resentenced to "time served" — a period in excess of three years. As such, the conviction can properly stand as a predicate felony for purposes of determining persistent felony offender status. We further find no error in the court's refusal to direct a new psychiatric evaluation of defendant for purposes of the persistent felony offender hearing. Contrary to defendant's argument, the court's decision in no way precluded defendant from presenting his own evidence, including a current psychiatric evaluation. Finally, in view of defendant's lengthy history of serious criminal activity, we cannot say the court abused its discretion by imposing a sentence within the statutory guidelines for persistent felony offender sentencing (Penal Law, § 70.10, subd 2; *People v Helm,* 69 AD2d 198, affd 51 NY2d 853; see *People v Mason,* 67 AD2d 747, 748, affd 48 NY2d 896). Nor do we find the sentence unconstitutionally harsh (*People v Jones,* 39 NY2d 694, 697). Judgment affirmed. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.

