■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CLARK PAGE, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 7, 1983, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree.

On August 27, 1982, defendant and one Nicholas Sinkevitch were charged in a one-count indictment with criminal possession of stolen property in the first degree. The property consisted of several cases of film and a laser camera stolen from a local graphics company. After a joint trial, defendant was convicted as charged and sentenced to a term of 1 to 3 years' imprisonment.

Defendant initially argues that the trial court erred in refusing to grant a trial order of dismissal (CPL 290.10, subd 1) due to the lack of evidence establishing that he either possessed or exercised dominion or control over the subject property (Penal Law, § 10.00, subd 8). It is self-evident that possession is an intrinsic element of the crime charged (Penal Law, § 165.50). Viewing the evidence in a light most favorable to the People (see People v Kennedy, 47 NY2d 196, 203), the record shows that Sinkevitch made the initial arrangements to purchase the stolen film from one Donald Rockenstire, obtained possession and stored the goods. Consideration for the stolen property, however, was provided by both Sinkevitch and defendant. Instead of the agreed-upon sum of $2,000, Rockenstire accepted $1,400 from Sinkevitch and one pound of marihuana supplied by defendant. While defendant contends that the marihuana sale was a separate transaction and not part of the consideration for the film, the fact remains that Sinkevitch had only between $1,800 and $1,900 to offer Rockenstire. Rockenstire further informed both defendant and Sinkevitch that the film and camera were "hot" or stolen items. It was also agreed that Sinkevitch and defendant would retain possession of the camera and attempt to sell it on Rockenstire's behalf. Defendant offered Rockenstire his phone number, and indicated "they were going to [the camera] store, to be in touch". When detectives from the Albany Police Department arrived to retrieve the stolen property, both Sinkevitch and defendant were present and informed of the detectives' purpose. Sinkevitch signed a consent search waiver and the property was recovered. Detective James Barbuto, who participated in the recovery, testified that he "basically asked [defendant] why he got himself involved in this entire mess and he says I don't know, it was a stupid thing to do". The inferences and conclusions to to be drawn from the evidence outlined above were for the jury to decide (see People v Raco, 68 AD2d 258, 261; People v Hadley, 67 AD2d 259, 262). Cumulatively, there was ample basis for the conclusion that defendant knowingly exercised possession over the stolen property (see People v Dennis, 88 AD2d 963; People v Traynham, 85 AD2d 748, 749). It follows that defendant's motion for a trial order of dismissal was properly denied.

Defendant's remaining contentions of error do not require extended discussion. The trial court's charge on accomplice liability (Penal Law, § 20.00) was warranted by the trial evidence and properly stated. Having reviewed the record, we do not find the conduct of the prosecutor during the trial and summation so egregious as to have deprived defendant of a fair trial (see *People v Galloway*, 54 NY2d 396; *People v Patterson*, 88 AD2d 694, affd 59 NY2d 794; *People v Hopkins*, 86 AD2d 937, affd 58 NY2d 1079).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.