■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CALKINS, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Clinton County (Goldman, J.), rendered February 26, 1985, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the second degree.

A police investigation of the theft of an all-terrain vehicle from a locked shed on the property of defendant's neighbor led to the arrest of James Farquaharson. In exchange for a favorable plea bargain, he provided the key testimony implicating defendant in the crime. According to Farquaharson, defendant told him on or about September 23, 1984 that he had previously broken into the shed and "hot wired" the ignition of the vehicle located inside. Defendant allegedly knew of a prospective buyer for the vehicle, but needed someone to pick it up at the shed. Farquaharson did so and stored the vehicle at his residence.

The following month, defendant located a buyer, Wolfgang Chamberlain, who lived in the same trailer park as did Farquaharson. Defendant and Farquaharson then brought the vehicle to Chamberlain; after test driving it, Chamberlain and defendant negotiated a deal. Chamberlain stated at defendant's trial that he paid defendant $200 that day and, a few days later, gave him a snow sled, at which time defendant presented him with the following receipt: "I, James Blake, sold one 3-wheeler for $300.00 to Wolfgang Chamberlain, plus a skidoo." Over defense counsel's objection, the People also

read to the jury excerpts from defendant's Grand Jury testimony, wherein he admitted signing the name James Blake on the receipt. An expert witness called on behalf of the People valued the vehicle at approximately $1,000 when stolen.

Defendant's trial testimony portrayed him as an innocent middleman active in the sale of the vehicle only for the purpose of collecting a $50 debt from Farquaharson's proceeds. In rebuttal, a State trooper recalled that defendant had acknowledged to him that he had sold the vehicle to Chamberlain for "a couple of hundred dollars and a snowmobile". County Court submitted to the jury the first count of the indictment, which charged defendant with burglary in the third degree, allegedly occasioned by his initial and earlier forcible entry into the shed, and the third count of the indictment, asserting criminal possession of stolen property in the second degree. The jury acquitted defendant of the former charge and convicted him of the latter. This appeal ensued.

Defendant's contention that the People failed to establish an essential element of the crime of criminal possession of stolen property in the second degree, namely, that he possessed the all-terrain vehicle (see, Penal Law § 165.45), is unacceptable. Exercising dominion or control over tangible property constitutes possession (Penal Law § 10.00 [8]). The People showed that defendant instigated the theft, participated in delivering the stolen vehicle to Chamberlain, negotiated and accepted payment for it, and furnished Chamberlain with a receipt. The cumulative weight of this evidence readily supports the conclusion that defendant possessed the stolen property (see, e.g., People v Page, 105 AD2d 930; People v Hadley, 67 AD2d 259).

The challenge to County Court's refusal to charge criminal facilitation as a lesser included offense of criminal possession of stolen property in the second degree is equally unappealing. Because criminal facilitation requires some conduct aiding another in the commission of a crime (see, Penal Law art 115) and such proof is unnecessary to establish criminal possession of stolen property in the second degree (see, Penal Law § 165.45), there was no basis for this charge (see, People v Glover, 57 NY2d 61, 63).

Since defendant's other assertions of error have no foundation either in law or in the record and reversal in the interest of justice is unwarranted, we are obliged to affirm.

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.