■ The People of the State of New York, Respondent, v Mark Bliss, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Suffolk County (McInerney, J.), both rendered May 7, 1985, convicting him of criminal possession of stolen property in the second degree under indictment No. 1961/84, upon a jury verdict, and of bail jumping in the third degree under indictment No. 319/85, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Based upon the evidence adduced at the trial of indictment No. 1961/84, we conclude that the defendant's guilt of the crime of criminal possession of stolen property in the second degree was proven beyond a reasonable doubt. The defendant made a written statement indicating that even after he learned that the automobile upon which he was working with a third party was stolen, he continued to do work upon it (see, e.g., People v Von Werne, 41 NY2d 584; People v Dennis, 88 AD2d 963). In addition, the confession was sufficiently corroborated by other evidence elicited on the People's direct case which established that a crime had been committed and that the defendant was present at the scene of the crime (see, People v Lipsky, 57 NY2d 560, 571; CPL 60.50).

We also reject the defendant's contention that the trial court abused its discretion when it ruled that the underlying facts of a similar crime could be brought out on cross-examination of the defendant. That crime, which also involved theft and the possession of stolen property, was highly relevant both on the issue of credibility and upon the issue of whether the defendant intended to deprive the rightful owner of his property *(see, People v Pavao*, 59 NY2d 282, 292; *People v Sandoval*, 34 NY2d 371, 375).

We find the defendant's remaining contention with respect to the jury charge to be without merit, and that the judgment of conviction of the crime of bail jumping in the third degree should be affirmed. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.