OPINION OF THE COURT
Robert H. Straus, J.
The defendants are charged in a superseding information *183 with possession of burglar’s tools (Penal Law § 140.35). It is alleged that a "blue box,” an electronic device designed to bypass the billing equipment of the telephone company, was recovered from the glove compartment of a car in which the defendants were seated. Defendant Echevarria has moved pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) to dismiss the information for facial insufficiency. The issue this court must address is whether an information which alleges that the defendant possessed a device whose sole purpose is the facilitation or commission of larcenies involving theft of services is sufficient in and of itself to establish a charge of possession of burglar’s tools without any additional factual allegations demonstrating the defendant’s intent to commit such a crime.
The factual portion of the superseding information reads as follows:
"Deponent, Tony Lago, of an address known to the District Attorney’s Office, is informed by Police Officer Freída Davis, shield #30794 of the 034 that she recovered a 'blue box’ from inside the glove compartment of an automobile where both defendants were seated.
"Deponent states he is a representative of New York Telephone and that a 'blue box’ is an electronic device specifically designed, and its sole purpose is, to bypass the billing equipment of the telephone company. The 'blue box’ is the size of a hand held calculator, approximately 3 inches by 5 inches in size; has a key pad for punching in numbers on its face; and holes in the back which enable it, when in use, to communicate a 'duplicate tone’ over the telephone lines. This 'duplicate tone’ allows the caller to override the telephone lines, and billing system, and then make free telephone calls to anywhere in the world.
"Deponent states that the 'blue box’ is an instrument that is, always and only, used for the commission and facilitation of larcenies involving the obtaining of telecommunications services without paying for such services.
"Deponent further states that the above-described 'blue box’ is in fact what it is alleged to be based upon his professional training as a New York Telephone employee for twenty five years in the identification of these types of devices, prior experience as a New York Telephone employee in theft of services, possession of burglar’s tools and criminal tampering arrests and observations of the device itself which is a type of burglar’s tool.”
*184 Penal Law § 140.35 provides that "[a] person is guilty of possession of burglar’s tools when he possesses any tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises, or offenses involving larceny by physical taking, or offenses involving theft of services as defined in subdivisions four, five and six of section 165.15, under circumstances evincing an intent to use or knowledge that some person intends to use the same in the commission of an offense of such character.”
The defendant asserts that the superseding information is defective in two respects. First the defense maintains the factual allegations contained in the superseding information fail adequately to establish the element of possession since it is alleged that both the defendant and the codefendant were in the vehicle when the "blue box” was recovered. In this regard the defense notes that there is no statutory presumption pertaining to the possession of a burglar’s tool in an automobile as there is for weapons and controlled substances.
The court finds this argument must be rejected. "Possess” is defined in Penal Law § 10.00 (8) as "to have physical possession or otherwise exercise dominion or control over tangible property.” The allegation that the defendant and codefendant were seated in the vehicle from which the "blue box” was recovered is sufficient to establish for pleading purposes that both the defendant and the codefendant were exercising dominion or control over that vehicle and the contents of its glove compartment. (See, e.g., People v Hadley, 67 AD2d 259 [4th Dept 1979].) Whether facts are sufficient to prove the defendant’s possession of the "blue box” beyond a reasonable doubt is a matter to be determined by a trier of facts.
Next, the defense argues that the possession of a "blue box” is not per se illegal. It is the defendant’s position that even assuming that a "blue box” has no purpose other than the facilitation of a theft of communications services, in order for a charge of possession of burglar’s tools to be sustained it must be demonstrated that the defendant used or intended to use the "blue box”. An allegation that a "blue box” was recovered from the glove compartment of a car in which the defendant was seated is not sufficient for this purpose.
The defense maintains that although the prosecution may have information that a radio run was received indicating that a person in the car in which the defendant was seated *185 was using a "blue box,” such information is not contained in the superseding prosecutor’s information and therefore should not be considered with respect to a motion to dismiss for facial insufficiency.
The People maintain that the element of possession of the "blue box” with intent to use may be established by circumstantial evidence at trial based upon the limited and exclusive use of such device for illegal purposes so that superseding information is sufficient on its face for purposes of defeating a motion to dismiss.
According to the facts contained in the information, the "blue box” allegedly possessed by the defendant has no legitimate noncriminal use or purpose. It is a device specifically designed and adapted for bypassing the billing system of the telephone company. These facts are provided by an expert from the telephone company whose knowledge is based upon his professional training as a telephone company employee for 25 years. For purposes of this motion, this court must accept these allegations as true (CPL 100.40 [1] [b]) and finds them sufficient to establish the nature of a "blue box.” (See, e.g., People v Paul, 133 Misc 2d 234 [Crim Ct, NY County 1986].)
Based upon these facts, the court finds that a charge of possession of burglar’s tools may be sustained in an appropriate case by an allegation that the defendant was using a "blue box,” or circumstantial evidence demonstrating that the defendant intended to use the "blue box.” Although the unlawfulness of the use or intended use of this device may logically be inferred based upon the nature of a "blue box” itself, nevertheless the court finds the superseding information to be deficient in several respects. First, the superseding information fails to contain any facts establishing that the "blue box” was operational. Although the telephone company expert describes the nature and function of a "blue box” and states that the item recovered was in fact a "blue box,” he does not allege that he tested this particular "blue box” and found it to be in working order. Second, and more importantly, the court finds that an essential element of a charge of possession of burglar’s tools is that the defendant possess the item "under circumstances evincing an intent to use or knowledge that some person intends to use the same in the commission of’ a larceny. (Penal Law § 140.35.) As the defense correctly noted there is no statutory presumption regarding the possession of burglar’s tools and under a plain reading of Penal Law § 140.35, the mere possession of any device, even that which *186 has no lawful purpose or legitimate use, is not prohibited. The court could find no authority to support the proposition that possessing what could be defined as a per se burglar’s tool is sufficient to sustain a charge of Penal Law § 140.35.
While the facts alluded to by the defense (i.e., a radio run indicating that an occupant of the vehicle in which the defendant was found was using a "blue box”) provide evidentiary support for the inference that the defendant intended to use the "blue box,” such facts are not contained in the information and thus cannot be considered by the court for purposes of this motion.
The factual allegation contained in the instant accusatory instrument that a "blue box” was recovered from the glove compartment of an automobile in which the defendants were seated, simply fails to establish that the defendants possessed the "blue box” under circumstances evincing as intent to use it in the commission of a crime. Accordingly, the superseding information is jurisdictionally defective and must be dismissed.