■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MORCILIO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Booth, J.), rendered May 18, 1981, convicting him of criminal possession of stolen property in the second degree, upon a plea of guilty, and sentencing him as a second felony offender to an indeterminate term of 1½ to 3 years' imprisonment. Judgment affirmed. Prior to defendant's sentencing on May 18, 1981, the People filed a predicate felony statement against defendant for the purpose of having him sentenced as a second felony offender (Penal Law, § 70.06; CPL 400.21). The predicate felony statement filed against defendant listed two prior class E felony convictions, namely (1) a 1973 conviction for attempted criminal possession of a weapon in the third degree, and (2) a 1974 conviction for criminal possession of stolen property in the second degree. The court was also advised that defendant had been sentenced as a second felony offender upon his 1974 conviction, and that the 1973 conviction served as the predicate felony for that sentence. In response to the predicate felony statement filed by the People, defense counsel alleged that the defendant, who is deaf, did not understand his guilty pleas to the two prior felonies, or his prior adjudication as a second felony offender in 1974, due to inadequate sign language interpreters. Counsel thereupon requested a hearing on these allegations pursuant to CPL 400.20 (subd 5). The sentencing court conducted a hearing but limited it to only one issue, viz., whether defendant had been adjudicated a second felony offender in 1974. After receiving competent and sufficient proof on this issue, the court sentenced defendant, as a second felony offender, to an indeterminate term of 1½ to 3 years' imprisonment. In our view, Criminal Term did not err in limiting the hearing and in sentencing defendant as a second felony offender. CPL 400.21 (subd 8) provides: "8. Subsequent use of predicate felony conviction finding. Where a finding has been entered pursuant to this section, such finding shall be binding upon that defendant in any future proceeding in which the issue may arise." Since defendant never successfully attacked his 1974 sentence as a second felony offender, either by way of a direct appeal or appropriate postjudgment motion, it was binding upon him at the sentencing herein, and, accordingly, the judgment must be affirmed. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.