OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified by reversing so much thereof as reversed on the law defendant’s conviction of criminal possession of a forged instrument in the second degree, vacated the sentence and dismissed the indictment as to that count, and by remitting the matter to that court for consideration of the facts and, as so modified, is affirmed.
 

 There is here, like the situation in
 
 People v Johnson
 
 (65 NY2d 556), but unlike the situation in
 
 People v Green
 
 (53 NY2d 651), evidence sufficient to support a finding that defendant knew when he presented the check for cashing that it was forged. When reviewing the sufficiency of the evidence to sustain a guilty verdict, we are obliged to do so in the light most favorable to the People, bearing in mind that credibility is a matter to be determined by the trier of the facts
 
 (People v Malizia,
 
 62 NY2d 755, 757).
 

 There was evidence that when defendant asked John Scivoletto to cash the $377 check made out to Richard Moschiano he
 
 *635
 
 told Scivoletto that the payee was on vacation and had given him the check to cash, and offered to accept $300 for the check if Scivoletto would cash it. Because defendant could not have cashed the check for Moschiano unless it bore the latter’s indorsement, the trier of fact could infer from that testimony that defendant then knew that the check was indorsed with the payee’s name, even though Scivoletto did not look at the back of the check. From defendant’s statement that Moschiano had given him the check and Moschiano’s testimony that he had neither indorsed nor authorized indorsement of the check, it could also be inferred that defendant was aware when he offered the check to Scivoletto for cashing that it bore a forged indorsement. Nor did defendant’s trial testimony that he received the check from a person known only to him as Blackie, although it contradicted Scivoletto, affect the sufficiency of the evidence, for it simply created a credibility issue.
 

 The inference of knowledge thus arising was bolstered by testimony of Donna Brown that within a short period of time after his conversation with Scivoletto, defendant sought to cash the check at a nearby diner at an even greater discount and at a bar across the street from the diner and, then, being unsuccessful in those attempts, threw the check into a garbage receptacle from which it was retrieved, a short time later, bearing indorsement of the payee’s name. That defendant denied attempting to cash the check in the diner and bar and placing it in a garbage can, again, simply creates an issue of credibility. And while standing alone these later incidents may have been equally as consistent with the inference that defendant knew the check was stolen as with knowledge on his part that the indorsement was forged, the trier of fact could properly conclude that they bolstered the inference of knowledge of forgery arising from Scivoletto’s and Moschiano’s testimony detailed above.
 

 On the cross appeal there should be an affirmance. The modification by the Appellate Division is adverse to defendant only insofar as it failed to reverse his conviction for criminal possession of a stolen instrument (CPL 450.90 [1]), but the issue sought to be raised by the cross appeal (whether defendant was properly sentenced as a second felony offender on the count for criminal possession of a forged instrument now being reinstated) is within our power of review (CPL 470.35 [2] [b]). On that issue defendant argues that he was improperly sentenced as a second felony offender, but he was adjudicated a second felony offender in 1978 with respect to a prior crime and failed to seek review of that adjudication by direct appeal or appropriate postjudgment
 
 *636
 
 motion. The question is, therefore, no longer open (CPL 400.21 [8];
 
 People v Morcillo,
 
 91 AD2d 1074).
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
 

 Order modified and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.