■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v MICHAEL YOUNG, Appellant-Respondent.—Appeal by the defendant from a judgment of the Supreme Court,

Kings County (Lombardo, J.), rendered September 28, 1982, convicting him of burglary in the second degree (two counts), robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence, and cross appeal by the People, as limited by their notice of appeal and brief, from so much of the same judgment as failed to adjudicate the defendant a second felony offender and imposed sentence accordingly.

Judgment modified, on the law, by vacating the sentence imposed, and matter remitted to the Supreme Court, Kings County, for resentencing of the defendant as a second felony offender. As so modified, judgment affirmed.

On the instant appeal, the defendant argues that during summation the prosecutrix improperly characterized him as being involved in a scheme to steal the complainant's monthly government support checks. However, no objection was made to these remarks at trial. Thus, the defendant's argument is unpreserved for appellate review (CPL 470.05 [2]; *see, People v George,* 108 AD2d 870) and we decline to consider the issue in the interest of justice.

With respect to the People's appeal, the record indicates that prior to the defendant's sentencing on September 28, 1982, the People filed a second felony offender statement against him for the purpose of having him sentenced as a second felony offender *(see,* Penal Law § 70.06; CPL 400.21). The predicate felony statement listed two prior felony convictions, namely, (1) a 1975 conviction, upon the defendant's plea of guilty, for attempted robbery in the third degree, and (2) a 1974 conviction, also upon the defendant's plea of guilty, for attempted burglary in the third degree. The defendant argued successfully before the sentencing court that neither of these prior felonies could be utilized for the purpose of the predicate felony statute since they were unconstitutionally obtained, i.e., the defendant was not advised of all the constitutional rights and privileges that he was waiving as a result of these guilty pleas *(see, Boykin v Alabama,* 395 US 238).

We reject the defendant's argument.

The record indicates that the defendant was sentenced as a second felony offender on the 1975 conviction and that the 1974 conviction served as the predicate felony for that sentence. Moreover, the defendant never successfully challenged the validity of this latter determination by either a direct appeal or postjudgment motion. It was therefore binding upon him at the sentencing herein *(see,* CPL 400.21 [8]; *People v*

*Morcilio,* 91 AD2d 1074). In any event, contrary to the holding of the sentencing court, a review of the minutes of the prior 1974 and 1975 plea allocutions indicates that they were constitutionally valid despite their failure to strictly comply with *Boykin v Alabama (supra; see, People v Harris,* 61 NY2d 9). Criminal Term therefore erred in failing to adjudicate the defendant a second felony offender.

Accordingly, the matter must be remitted to the Supreme Court, Kings County, for the purpose of resentencing the defendant as a second felony offender. Lazer, J. P., Mangano, Bracken and Kooper, JJ., concur.