THIRD DEPARTMENT, DECEMBER, 1986

(December 4, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER J. GORMAN, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered June 26, 1984, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

The issues involved on this appeal are whether (1) County Court erred in allowing testimony at trial regarding a misdeed allegedly perpetrated by defendant on another occasion, unrelated to the crime charged; (2) County Court erred in its charge in refusing to submit manslaughter in the second degree as a lesser included offense of murder in the second degree; and (3) the sentence imposed was harsh and excessive.

Defendant was charged with murder in the second degree as a result of a grisly multiple stabbing of his wife on December 4, 1983. Defendant relied on the defense that he suffered an "isolated explosive disorder" and was either not criminally responsible for his actions or his responsibility should be

mitigated because he acted under an extreme emotional disturbance as defined in Penal Law § 125.20 (2). Defendant was found guilty of manslaughter in the first degree.

Defendant contends that County Court improperly allowed a former girlfriend of his to testify about a prior instance where he allegedly choked her. Defendant's objection to this testimony is based on the ground that the testimony was extremely prejudicial and that this outweighed any possible relevance of the evidence. We note that defendant's trial objection was based on the failure to establish a foundation as to when the act occurred and on the further ground that the question was leading. We thus hold that the objection on the ground herein raised was not properly preserved and is, therefore, deemed waived (see, People v Dawson, 50 NY2d 311, 316, citing CPL 470.05 [2]).

Defendant's contention that he was entitled to a jury charge on the crime of manslaughter in the second degree is without merit. The premise on which defendant sought such a charge was that he was "reckless" in failing to secure psychological counseling to cope with the stresses he was under, and but for the failure to obtain counseling, he would not have killed the victim. The court charged the jury on murder in the second degree, manslaughter in the first degree based upon the defense of extreme emotional disturbance, manslaughter in the first degree based upon intent to cause serious physical harm, and the defense of not guilty by reason of insanity.

There must be a reasonable view of the evidence to support defendant's requested charge (see, People v Green, 56 NY2d 427). Manslaughter in the second degree may be a lesser included offense of murder in the second degree where the defendant raises a question of self-defense or a question of accidental killing is raised (see, People v Tai, 39 NY2d 894; People v Asan, 22 NY2d 526; People v Garcia, 64 AD2d 555). Here, there was no evidence that defendant acted in self-defense, that the killing was accidental or that defendant's acts were reckless, but not intentional.

Defendant does not urge that his acts on the night in question were reckless. Neither does the evidence support the view that his failure to obtain counseling was a gross deviation from the conduct expected from a reasonable person. The evidence of defendant's past psychological problems and defendant's other history did not support such a charge.

We also find that the sentence imposed was within the parameters of the law. We are thus impelled not to interfere

absent a clear abuse of discretion or extraordinary circumstances (see, People v Harris, 57 AD2d 663). This was a brutal knifing. We find no reason to interfere and decline to reduce the sentence in the interest of justice.

We further hold that County Court properly considered defendant's action in contravention of a Family Court proceeding as bearing on the question of defendant's character. There is no merit, as well, to defendant's contention that the court's sentence is a rejection of the jury's findings. Defendant reasons that the jury's verdict indicated that the jury accepted the testimony of defendant's expert that defendant's acts resulted from an "isolated explosive disorder" and repudiated the prosecution's contention of emotional disturbance. Thus, it is urged, County Court erred in finding that a prison term was indicated because defendant may repeat his actions in the future. There was sufficient evidence in the record to support the court's reasoning.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.