■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN D. KETCHMORE, Also Known as JAMES WILSON, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered June 21, 1985, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree and criminal possession of stolen property in the second degree.

Defendant attempted to cash a payroll check for $300 drawn on the account of Xylex Specialties, Ltd. (Xylex) at a Trading Port supermarket in the City of Albany. He displayed a New York State identification card and a Metropolitan Life Insurance card, both in the name of James Wilson, the payee and endorser of the check. The check bore the signature of "Susan Russell", as as maker on behalf of Xylex, and included a Social Security number that corresponded with the Social Security number listed on the identification card. The assistant manager refused to cash the check and, after overhearing a conversation between defendant and a companion, alerted the manager at the supermarket's Central Avenue store that defendant might try to cash the check there. Shortly thereafter, defendant did attempt to cash the check at the other store utilizing the same identification. Store security telephoned Xylex and the police. Within minutes Officer Patrick Fox arrived, and after consulting with the manager, who indicated that he had previously accepted a stolen check drawn against Xylex, and telephoning the bookkeeper at Xylex, Fox arrested defendant for possession of a stolen check. Defendant was indicted and convicted after trial on charges of criminal possession of a forged instrument in the second degree and

criminal possession of stolen property in the second degree. Defendant was sentenced as a persistent felony offender to concurrent indeterminate terms of imprisonment of 18 years to life and 15 years to life on the respective charges.

On this appeal, defendant initially maintains that the trial evidence was insufficient for the jury to conclude beyond a reasonable doubt that he knowingly possessed a forged instrument. Viewing the evidence in a light most favorable to the prosecution, we find a sufficient evidentiary basis to support the jury's determination that defendant knew the check was forged (see, People v Loughlin, 66 NY2d 633, 634-635; People v Johnson, 65 NY2d 556, 561). Knowledge, which constitutes an essential element of the crime of criminal possession of a forged instrument, may be established circumstantially by conduct and events (People v Johnson, supra, at 560-561). Here, the People established at trial that the instrument in question had been stolen from Xylex on September 21, 1984; that employees were not paid out of the Xylex account; that the designated drawer of the check, Susan Russell, was not an employee of Xylex; and that James Wilson was never employed by Xylex. Officer Fox testified that after being apprised of his Miranda rights, defendant asserted that his name was James Wilson, gave several dates of birth, none of which corresponded with the date listed on the identification card, and admitted endorsing the check.* Defendant testified that he utilized the alias James Wilson for employment purposes, and acknowledged that the information on the identification card was false. He admitted presenting the check for payment and utilizing the false identification mentioned above (at the first supermarket), but denied any awareness that the instrument had been forged. Defendant explained that he received the check complete except for his endorsement, from a man named Dave, as compensation for three weeks of picking apples in Columbia County. This explanation created a credibility issue for the jury to resolve in light of all the attendant

---

* Defendant maintains that County Court erred in allowing the People to recall Fox for purposes of eliciting testimony as to this admission. The prosecution concededly failed to make the relevant inquiry on direct examination of Fox, but after the brief testimony of one intervening witness, moved for permission to recall Fox to the witness stand. Given this time frame and the fact that defendant was accorded an opportunity to further cross-examine Fox but declined to do so, we find no abuse of discretion in the court's allowing the witness to be recalled. In any event, we note that defendant conceded on cross-examination that he endorsed the check as James Wilson.

circumstances *(see, People v Loughlin,* 66 NY2d 633, 635, *supra).*

From the foregoing, we discern several factors indicative of guilty knowledge. Defendant gave different dates of birth and his alias to the arresting officer, showing an attempt to conceal the truth *(see, People v Benzinger,* 36 NY2d 29, 33-34). Defendant's testimony as to his wage rate and term of employment did not correspond with either the amount of the check or the "48 hrs" noted as time worked on the instrument. Most significantly, the Social Security number on the check conformed with the false Social Security number on the identification card, giving rise to an inference that defendant was cognizant that the instrument was forged. Viewed as a whole, we find that jury had a sufficient evidentiary basis to infer that defendant knew when he presented the check for cashing that it was forged, even absent a charge on the inference arising from recent and exclusive possession *(see, People v Johnson,* 65 NY2d 556, *supra; People v Di Mauro,* 113 AD2d 840, *lv denied* 67 NY2d 650; *cf., People v Edwards,* 104 AD2d 448, 449). The verdict further comports with the weight of the evidence.

We have examined defendant's remaining contentions and find them unavailing. In particular, absence of a record of the voir dire impedes this court's review of defendant's claim that the prosecutor improperly dismissed the sole black juror by preemptory challenge *(see, People v Morales,* 126 AD2d 836). We note that County Court found nothing to indicate that the discharge was premised on race. Certain improper and erroneous prosecutorial comments during the opening and closing statements, particularly relating to the legality of defendant's utilizing an assumed name, viewed in context and considering the curative instructions rendered, did not serve to deprive defendant of a fair trial *(see, People v Marrero,* 110 AD2d 785, 786; *People v Patterson,* 88 AD2d 694, *affd* 59 NY2d 794). Defendant's motion to vacate the judgment pursuant to CPL 440.10 (1) (g), made prior to sentencing, was premature *(see, People v Burdash,* 102 AD2d 948, 949).

Finally, defendant maintains that County Court abused its discretion in sentencing him as a persistent felony offender *(see,* Penal Law § 70.10; CPL 400.20). Specifically, defendant maintains that the court erred in relying on a 1959 robbery conviction without first examining the plea and sentencing minutes, which ostensibly would have shown that he was accorded youthful offender treatment. We disagree. At the hearing, the People introduced into evidence a certificate of

incarceration indicating that defendant had been convicted of third degree robbery in 1959 and sentenced to an indeterminate term of 0 to 5 years' imprisonment; the certificate further indicated that defendant was convicted of, *inter alia,* first degree robbery in 1966 *(see,* CPL 400.22). Certificates of conviction for the 1959 and 1966 convictions were also introduced into evidence. In addition, a second felony offender information apparently arising out of a 1967 felony conviction was received, indicating that defendant's second felony offender status was premised on the 1959 conviction. These documents provide prima facie evidence of both the 1959 and 1966 convictions *(see,* CPL 380.60, 400.22). Other than defendant's bare assertions, there is nothing in the record to indicate that defendant received youthful offender treatment for the 1959 conviction. Thus, we perceive no error in County Court's failure to review the underlying minutes of the plea and sentence. Defendant's further contention that the record was insufficient to establish that his background warranted extended incarceration is not persuasive *(see,* Penal Law § 70.10 [2]; CPL 400.20 [1]). Beyond proof of the aforementioned convictions, the presentence report shows that defendant has an extensive criminal history involving the forcible stealing of property. Under these circumstances, we cannot say the County Court abused its discretion by imposing a sentence within the relevant statutory guidelines *(see,* Penal Law § 70.10 [2]; *People v Stewart,* 96 AD2d 622, 623, *lv denied* 60 NY2d 825). Nor is the sentence unconstitutionally excessive *(see, People v Jones,* 39 NY2d 694, 697).

Judgment affirmed. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.