■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY MOOD, Appellant. [595 NYS2d 517] —Appeal by the defendant from a judgment of the County Court, Westchester

County (Pirro, J.), rendered November 13, 1991, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

On March 16, 1991, the police searched the defendant's apartment pursuant to a search warrant and discovered, among other things, numerous vials of crack underneath a stairway. The police prepared to take to the police station both the defendant and his wife, who was elsewhere in the apartment with their two children, and suggested to the wife that she arrange for a family member to watch the children. Thereafter, the defendant's wife yelled to the defendant that she was "not going to go back to jail for this, I just got out", and that he should "tell * * * the truth". The defendant then stated "It's mine, she has nothing to do with it, the stuff is mine". The hearing court found that the police did not ask the defendant any questions before he made his incriminating statement. Subsequently, the defendant was taken to the police station, where, after waiving his *Miranda* rights, he made a written statement taking responsibility for the drugs and exonerating his wife.

We reject the defendant's contention on appeal that both statements should have been suppressed. The record clearly shows that the defendant uttered his initial incriminatory statement in response to his wife's comments, not in response to the "functional equivalent" of express questioning by the police *(People v Bryant,* 59 NY2d 786, 788). There is no evidence that the police induced the defendant's statement by promising, either explicitly or implicitly, that they would release the defendant's wife if he confessed *(see, People v Monzon,* 167 AD2d 357). "Merely because defendant was amidst officers who were in the process of carrying on routine police functions, and discussing these functions, does not lead to the inexorable conclusion that defendant's will was overborne or that he was coerced into confessing" *(People v Sobolof,* 109 AD2d 903, 905).

Accordingly, the court properly held that the defendant's oral statement was not the product of any illegal procedures by the police and hence was admissible. It also follows, therefore, that there is no merit to the defendant's contention that his written statement, which followed his waiver of his *Mi-*

*randa* rights, was tainted by any illegal police conduct *(cf., People v Morton,* 174 AD2d 1019). Sullivan, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.