■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMAD QAZI, Appellant. [631 NYS2d 780] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered August 8, 1992, convicting him of reckless endangerment in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied the branch of the defendant's omnibus motion which was to suppress the axe that was recovered from a closet in the living room of the defendant's apartment (see, People v Adams, 53 NY2d 1, cert denied 454 US 854; People v Cosme, 48 NY2d 286). The hearing court's determination that the defendant's roommate voluntarily consented to a warrantless search of the apartment is supported by the record and should not be disturbed (see, People v Prochilo, 41 NY2d 759; People v Gonzalez, 39 NY2d 122).

The defendant has failed to preserve for appellate review his contention that the evidence is legally insufficient to establish his guilt of reckless endangerment in the second degree beyond a reasonable doubt (see, CPL 470.50 [2]; People v Johnson, 185 AD2d 247; People v Udzinski, 146 AD2d 245). In any event, this contention is without merit. Viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620), the evidence establishes that the defendant swung an axe at the complainant, who was standing a short distance away from him. Moreover, upon the exercise of our factual review power,

we are satisfied that the jury's verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contention and find it to be without merit. O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.