■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. WAGER, JR., Appellant. [644 NYS2d 74] —Yesawich Jr., J.

Defendant was originally convicted, after a jury trial, of the crimes of coercion in the first degree and attempted kidnapping in the second degree, and sentenced as a persistent felony offender to a term of incarceration of 15 years to life. On appeal, this Court held that the facts adduced at trial supported only a finding that defendant had perpetrated the crime of attempted coercion in the first degree, and the judgment of conviction was modified accordingly (199 AD2d 642, *lv denied* 83 NY2d 811). Upon resentencing, the same sentence was again imposed and defendant now appeals, arguing that it is harsh and excessive.

We disagree. County Court did not abuse its discretion in finding that defendant should be sentenced as a persistent felony offender (*see,* CPL 400.20; *People v Oliver,* 96 AD2d 1104, 1106, *affd* 63 NY2d 973) and ordering the punishment it did.

The events giving rise to the offense of which he now stands convicted evidence a wanton disregard for the safety and well-being of his victim, and a willingness to impose his will on others by force. More importantly, defendant's prior criminal history—punctuated repeatedly with episodes characterized by violence and threats of violence—supports County Court's conclusion that "extended incarceration and lifetime supervision * * * are warranted to best serve the public interest" (CPL 400.20 [1]). The conduct underlying his previous crimes, both felonies and misdemeanors, his inability to live in the community for more than a few months without running afoul of the law, and his demonstrated unwillingness to cooperate with any attempts at rehabilitation, taken together, amply justify the sentence prescribed (see, People v Ketchmore, 132 AD2d 889, 892, lv denied 70 NY2d 752; People v Stewart, 96 AD2d 622, lv denied 60 NY2d 825), which cannot be said to be unconstitutionally harsh.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.