■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK K. SLOAN, Appellant. [661 NYS2d 854] —White, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered September 18, 1996, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (three counts) and robbery in the third degree.

Defendant was charged in two separate indictments with the crimes of burglary in the second degree and robbery in the third degree after entering the residences of one victim on February 7, 1996 and a second victim on April 4, 1996. Defendant subsequently moved to suppress a showup identification made in connection with the February 7, 1996 incident and a statement he made to police in connection with the April 4, 1996 incident. County Court denied the motion following a hearing. Defendant thereafter pleaded guilty to the crimes charged in both indictments and was sentenced as a second felony offender to concurrent five-year determinate terms of imprisonment on the burglary counts and a concurrent three-year determinate term on the robbery count. On appeal, defendant challenges County Court's rulings on the suppression motion.*

Turning first to the February 7, 1996 incident, at approximately 7:00 A.M. the victim observed defendant during the commission of the crime and gave the police a description

---

* Notably, County Court specifically instructed defendant that by pleading guilty he was not waiving the right to challenge the suppression rulings.

of him. In addition, a neighbor witnessed defendant flee from the victim's apartment and enter a nearby house. The police immediately went to that house, where they had questioned defendant the previous day. Tammy Parnell, who lived in the house with defendant, answered the door and informed the police that defendant was not there, but gave them permission to look around. When they opened the bathroom door, they found defendant, who matched the description given by the victim, and asked him to come downstairs to speak to them. Defendant complied and, when he walked out onto the front porch, he was identified by the neighbor. Shortly thereafter, defendant was identified by the victim when he saw defendant on the sidewalk with police officers.

Defendant contends that the police had no right to enter the bathroom and that, consequently, the ensuing showup identification must be suppressed as the fruits of an illegal search and seizure. We disagree. The police entry into the house, including the bathroom, was fully consensual (*see, People v Gonzalez*, 237 AD2d 375; *People v Travis OO.*, 237 AD2d 646; *People v Brown*, 234 AD2d 211, *lv granted* 89 NY2d 1017; *compare, People v Gonzalez*, 88 NY2d 289) and there is nothing to suggest that defendant was under arrest or in police custody at the time of the showup identification (*see, People v Evans*, 237 AD2d 458, *lv denied* 89 NY2d 1092; *People v Smith*, 236 AD2d 639; *People v Smith*, 234 AD2d 946, *lv denied* 89 NY2d 1041). In addition, given that the showup identification occurred shortly after the commission of the crime, in close proximity to the location of the crime and was made spontaneously by a neighbor who witnessed defendant flee from the scene of the crime and also by the victim himself, we do not find that it was unduly suggestive (*see, People v Duuvon*, 77 NY2d 541; *People v Santiago*, 235 AD2d 229, *lv denied* 89 NY2d 1040).

Likewise, we find no error in County Court's refusal to suppress the incriminating statement made by defendant to police regarding the April 4, 1996 incident. Prior to defendant's arrest, a police officer asked him if he had taken property from the victim and advised him that the case would not be pursued if the property was returned. Defendant denied taking the property, but after his arrest and while being transported in the patrol car, defendant volunteered to the police that he had taken the property, apparently hoping that the original offer would be honored. Inasmuch as the police did not initiate this conversation or otherwise prompt defendant to make this statement, suppression of this statement was not necessary (*see, People v Hylton*, 198 AD2d 301, *lv denied* 82 NY2d 925; *People*

*v Mood*, 191 AD2d 713, 714; *People v Sora*, 176 AD2d 1172, 1174-1175, *lv denied* 79 NY2d 864).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.