■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS WILLIAMS, Appellant. [700 NYS2d 512] —Graffeo, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 11, 1998 in Albany County, upon a verdict convicting defendant of four counts of the crime of criminal possession of a weapon in the third degree.

Defendant's conviction arises out of the seizure of two firearms from the apartment in which defendant and his girlfriend, Michelle Perkinson, resided. Prior to defendant's arrest, Perkinson notified defendant's parole officer that defendant was storing loaded guns at their residence. Several parole officers proceeded to the home, where they discovered a loaded handgun and sawed-off shotgun in a duffel bag in a bedroom closet. Thereafter, defendant was arrested and indicted on four counts of criminal possession of a weapon in the third degree (*see,* Penal Law § 265.02 [1], [4]). At the conclusion of the jury trial, defendant was found guilty of all four counts and sentenced as a second felony offender to indeterminate terms of imprisonment of 3½ to 7 years for each of the first two counts of the indictment and 7 years for each of the second two counts of the indictment, to run concurrently, but consecutively to any undischarged indeterminate term of imprisonment remaining from a prior judgment of conviction.

Defendant appeals, contending that the portion of Perkinson's testimony with respect to an uncharged crime was

inadmissible. Perkinson testified that she and defendant had a conversation in which defendant revealed that he and his brother had been involved in a shooting incident the night prior to the seizure of the weapons. Initially, we note that the defense merely objected to the prosecutor's questioning as leading, and therefore the admissibility of such evidence was not properly preserved for appeal* (*see, People v Gorman*, 125 AD2d 733, 734, *lv denied* 69 NY2d 880).

In any event, were we to consider this issue, we would conclude that defendant's admission to Perkinson was admissible. Evidence of an uncharged crime is admissible where it is probative of an element of the crime charged and its probative value outweighs its potentially prejudicial effect (*see, People v Blair*, 90 NY2d 1003, 1004-1005). The fact that Perkinson, deemed by Supreme Court to be a hostile prosecution witness, testified that defendant told her he was involved in a shooting the night before was probative of whether he knowingly possessed the weapons, an element of the crime charged (*see,* Penal Law § 265.02 [4]; *People v Tolbert*, 253 AD2d 832, *lv denied* 92 NY2d 1039; *People v Marino*, 212 AD2d 735, *lv denied* 86 NY2d 797; *People v Sundquist*, 175 AD2d 319, 321). Under these circumstances, the probative value of the testimony outweighed any prejudicial impact of the testimony (*see, People v Ross*, 228 AD2d 718, 719, *lv denied* 88 NY2d 993; *People v Dennis*, 210 AD2d 803, 805, *lv denied* 85 NY2d 937; *People v Watson*, 177 AD2d 676, 676-677, *lv denied* 79 NY2d 954), especially since Supreme Court instructed the jury to consider this evidence only with respect to defendant's alleged knowledge of the weapons.

Next, we reject defendant's assertion that he was denied effective assistance of counsel based primarily on his attorney's alleged failure to allow him to testify before the Grand Jury. Even assuming arguendo that counsel failed to effectuate defendant's intent to testify before the Grand Jury, this fact standing alone was insufficient to establish ineffective assistance of counsel (*see, People v Wiggins*, 89 NY2d 872; *People v Madison*, 259 AD2d 270, *lv denied* 93 NY2d 1004; *People v Galleria*, 264 AD2d 899, 900; *People v Brooks*, 258 AD2d 527, *lv denied* 93 NY2d 967; *see also, People v Mateo*, 252 AD2d 821, *lv denied* 92 NY2d 927; *People v Sturgis*, 199 AD2d 549, *lv denied* 84 NY2d 833). Moreover, based on the totality of the circumstances, we conclude that defendant received meaningful representation (*see, People v Murphy*, 235 AD2d 933, 937, *lv denied* 90 NY2d 896; *People v Barber*, 231 AD2d 835).

---

* Counsel for defendant acknowledges that this issue was not properly preserved for appeal.

A review of the record further reveals that Perkinson, the owner of the house, voluntarily consented to the search of the premises. Additionally, an officer testified that prior to entering the residence defendant also consented to the search. Accordingly, the search of defendant's apartment was not unlawful (*see, People v Corniel*, 258 AD2d 812, *lv denied* 93 NY2d 968; *People v Sloan*, 242 AD2d 760, 761, *lv denied* 90 NY2d 1014).

Defendant's remaining contentions have been considered and are found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.