■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN VIRGIL, Appellant. [705 NYS2d 143] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention pursuant to *Batson v Kentucky* (476 US 79) that the prosecutor failed to offer a race-neutral reason for exercising his peremptory challenge to exclude a prospective juror (*see, People v Bennett,* 206 AD2d 382, 383, *lv denied* 85 NY2d 859; *People v Duncan,* 177 AD2d 187, 193-194, *lv denied* 79 NY2d 1048). County Court's failure to rule on defendant's *pro se* motion to set aside the verdict on the ground of insufficient evidence does not require that the matter be remitted. A court's failure to rule is deemed a denial of the motion (*see, People v Bailey,* 58 NY2d 272, 275). In any event, the motion "was unavailing" because defendant was represented by assigned counsel and the record fails to establish that defense counsel adopted the motion as his own (*People v Pitcher,* 182 AD2d 878, 879, *lv denied* 80 NY2d 933). Defendant's further contention that the record is insufficient to support the court's determination to sentence defendant as a persistent felony offender

is without merit (*see,* Penal Law § 70.10 [2]; CPL 400.20 [1]). In addition to the proof of two prior felonies, the court relied on the presentence report, which showed that defendant had an extensive criminal history sufficient to establish that his background warranted extended incarceration (*see, People v Ketchmore,* 132 AD2d 889, 892, *lv denied* 70 NY2d 752). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, D'Amico, J.—Robbery, 1st Degree.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Balio, JJ.