■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT KEMP, Appellant. [708 NYS2d 542] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal possession of a weapon in the third degree (Penal Law § 265.02) and two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01), stemming from two incidents taking place at his girlfriend's house on January 30, 1998, and February 18, 1998, and aggravated harassment in the second degree (Penal Law § 240.30), stemming from alleged death threats by defendant against five people on or about February 24, 1998.

Defendant contends that County Court erred in ruling that he lacked standing to challenge the seizure of weapons from his girlfriend's house. Even assuming that defendant had standing based on an expectation of privacy in the premises owned by his girlfriend (*see, People v Ortiz*, 83 NY2d 840, 842), we conclude that the voluntary consent of defendant's girlfriend to a search of the premises and removal of the guns rendered the warrantless search valid (*see, People v Williams*, 267 AD2d 772, *lv denied* 94 NY2d 886; *People v Cooper*, 258 AD2d 891, *lv denied* 93 NY2d 968). We further reject the contention of defendant that the exemption set forth in Penal Law § 265.20 (a) (5) applies to him; defendant has never been issued a certificate of good conduct pursuant to Correction Law § 703-b. Because there was legally sufficient evidence at trial to support defendant's conviction under count one of the indictment, we do not address defendant's contention that count one was not supported by legally sufficient evidence before the Grand Jury (*see*, CPL 210.30 [6]). The record establishes that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 712-713). We have examined defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.