■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE T. HARRIS, Appellant. [711 NYS2d 599] —Lahtinen, J. Appeal from a judgment of the County Court of Warren County (Teresi, J.), rendered March 19, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and conspiracy in the fourth degree.

Defendant was indicted (with others) by a Grand Jury on

two counts of criminal possession of a controlled substance in the third degree and one count of conspiracy in the fourth degree involving crack cocaine in the City of Glens Falls, Warren County, between October 13, 1998 and October 23, 1998. Found guilty on all three counts after a jury trial, defendant was sentenced to concurrent indeterminate prison sentences of $8^{1}/_{3}$ to 25 years and $1^{1}/_{3}$ to 4 years, respectively. He now appeals.

In October 1998 Detective Sergeant Lloyd Swartz of the Glens Falls Police Department was contacted by a local landlord complaining about one of his tenants possibly engaging in the sale of drugs from the tenant's apartment. Swartz and another officer proceeded to set up surveillance on apartment 6 located at 47 Elm Street in Glens Falls. After observing numerous persons known to be local drug users coming and going from the apartment over the course of an evening, the officers secured a search warrant for the apartment and executed it the next day. Questioning of the tenant, Edward Tutt, revealed that defendant and others came from downstate and used his apartment to sell crack cocaine. Tutt asked the police for help, gave them a sworn statement and subsequently executed a written consent to search his apartment and promised to call the police when defendant returned to his apartment.

On October 23, 1998 the police learned that defendant and others were back at Tutt's apartment and, using Tutt's written consent to search, entered the apartment where they found a bag of crack cocaine along with defendant, his two codefendants and two females. All persons present in the apartment were arrested and charged with criminal possession of a controlled substance in the third degree. The police secured a statement from one of the females in the apartment, Wanda Smith, regarding defendant's crack cocaine activities and her involvement with defendant as a transporter of the substance.

A suppression hearing was held regarding, *inter alia*, the admissibility of the cocaine found by the police during this raid on Tutt's apartment. County Court, finding that defendant was not an owner or tenant of the apartment and had no standing to challenge the police entry into the apartment or the resultant seizure of the crack cocaine, denied the motion to suppress the contraband.

At trial the prosecution's proof included the testimony of police officers, a forensic scientist from the State Police laboratory who confirmed that the substance seized in Tutt's apartment was cocaine and the testimony of Smith and Tutt, who described the crack cocaine operation and defendant's participa-

tion therein. No witnesses were called for the defense. After being found guilty on all three counts of the indictment defendant was given the maximum sentence on each count, the sentences to run concurrently.

Defendant argues on appeal that the search of Tutt's apartment violated his constitutional protection against illegal searches and seizures, and that his conviction was supported by insufficient evidence and against the weight of the evidence. He also argues in his *pro se* letter brief that the sentence imposed was harsh and excessive.

Defendant's claim that the police search of Tutt's apartment violated his constitutional rights is without merit. The police entered the apartment on the authority of the written consent to search executed by Tutt the tenant. It is well settled that a lawful search may be conducted by the police who obtain the voluntary consent of one possessing the requisite authority or control over the premises to be searched (*see, People v Adams,* 53 NY2d 1, 8, *cert denied* 454 US 854; *People v Corniel,* 258 AD2d 812, 813, *lv denied* 93 NY2d 968). Defendant argues that Tutt was in the process of being evicted from his apartment and consequently had no authority or control over the apartment, preventing him from consenting to a lawful search of the premises. We find no proof in the record to substantiate this argument and note that County Court resolved any issue in that regard in favor of the People. Nothing in the record gives us any cause to disturb County Court's suppression ruling (*see, People v Pugh,* 246 AD2d 679, *lv denied* 91 NY2d 976).

With reference to defendant's arguments directed to the legal sufficiency of the evidence, we begin with the premise that the evidence must be viewed in the light most favorable to the People (*see, People v Harper,* 75 NY2d 313, 316). We find that the evidence here presents "[a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley,* 69 NY2d 490, 495 [citation omitted]; *see, People v Contes,* 60 NY2d 620, 621). The testimony of Smith and Tutt, detailing defendant's involvement in the criminal activity, combined with the crack cocaine seized from the apartment where defendant was found, provided a sufficient foundation for the jury's verdict. Resolution of any credibility issues raised by the trial testimony was the function of the jury (*see, People v Bradley,* 272 AD2d 635, 636; *People v Pugh, supra,* at 681) and deference is to be afforded the jury on those issues (*see, People v Bleakley, supra,* at 495).

In determining whether a verdict is against the weight of the evidence, we must conduct our own independent review of the evidence adduced at trial (*see, People v White*, 261 AD2d 653, 657, *lv denied* 93 NY2d 1029). If, upon review of the credible evidence, a verdict of not guilty would have been reasonable, then we must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley, supra*, at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62) and may set aside the verdict if we find the jury has failed to give the evidence the weight it should be accorded (*see*, CPL 470.20 [2]).

Here, the testimony heard by the jury concerning defendant's guilt was uncontradicted. The jury's determination of guilt rested upon their acceptance of the prosecution witnesses' testimony. We cannot and will not substitute our judgment on credibility issues where the jury saw and heard the witnesses and observed their demeanor during their testimony (*see, People v Bleakley, supra; People v Bradley, supra*). In our independent factual review of the record we find that the verdict was not against the weight of the evidence.

Defendant's *pro se* letter brief argues that the maximum sentences imposed by County Court are harsh and excessive because this is his first felony conviction. The sentence is within the permissible range for a class B felony and we find no extraordinary circumstances or abuse of County Court's discretion which would warrant modification of the sentence imposed (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Crew III, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.