■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD CONYERS, Appellant. [727 NYS2d 545] —Cardona, P. J. Appeal from a judgment of the County Court of Rensselaer County (Sheridan, J.), rendered July 9, 1999, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the fifth degree and resisting arrest.

Defendant was charged in a nine-count indictment with various crimes involving the sale and possession of controlled substances. Following various negotiations, defendant agreed to plead guilty to the entire indictment in exchange for County Court's promise to impose an aggregate sentence of 4½ to 9 years. Thereafter, the court sentenced defendant as a second felony offender to the agreed-upon prison sentence of 4½ to 9 years for each conviction of criminal sale of a controlled substance in the third degree (three counts) and each conviction of criminal possession of a controlled substance in the third degree (four counts). Defendant also received an indeterminate prison sentence of 2 to 4 years for his conviction of criminal possession of a controlled substance in the fifth degree and a one-year determinate jail sentence for his conviction of

resisting arrest. The court indicated that all sentences were to run concurrently.

In this appeal, defendant asserts that the indictment was defective because his prior felony conviction was not set forth in the indictment. As a result, defendant argues that he should not have been sentenced as a second felony offender. We do not agree. Defendant's reliance upon the United States Supreme Court's decision in *Apprendi v New Jersey* (530 US 466) is misplaced. The Court in *Apprendi* specifically stated that "the fact of a prior conviction" is not required to be submitted to a jury (*id.*, at 490). Moreover, the Court of Appeals has stated that a "[d]efendant [has] no constitutional right to a jury trial to establish the facts of * * * prior felony convictions" (*People v Rosen*, 96 NY2d 329, 335). Under these circumstances, defendant, previously sentenced as a predicate felon (*see, e.g., People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982), and admitting the prior felony conviction at sentencing herein, cannot persuasively maintain that he was prejudiced by the fact that the existence of the prior felony was not contained in the indictment or discussed at any length during the plea allocution. Notably, defendant received the exact sentence promised during that allocution.

Next, defendant claims that he was deprived of the effective assistance of counsel because of a conflict of interest with the Public Defender's office created due to his complaints concerning the effectiveness of different attorneys from that office in a prior appeal (*People v Conyers, supra*). We note that defendant's attorney herein was not a member of that office at the time. Significantly, this Court was not persuaded by defendant's allegations concerning his former counsel (*id.*) and, in any event, defendant's argument of a conflict of interest is not supported in this record. More importantly, we find no merit to defendant's claims of ineffective assistance of counsel. Defense counsel made appropriate motions and went to great lengths to ensure that defendant's contentions regarding the alleged conflict of interest were placed on the record. Additionally, defense counsel negotiated a reasonable plea agreement for defendant and there exists no basis in this record to support defendant's claim that he was prevented by his counsel from testifying before the Grand Jury. Notably, even if defendant could establish that defense counsel failed to effectuate his intent to testify before the Grand Jury, such a fact, standing alone, is not sufficient to establish ineffective assistance of counsel (*see, People v Wiggins*, 89 NY2d 872; *People v Williams*, 267 AD2d 772, *lvs denied* 94 NY2d 886, 926). Thus, we

find that defendant received "meaningful representation" within the appropriate standard (*People v Satterfield*, 66 NY2d 796, 799-800; *see, People v Sowizdral*, 275 AD2d 473, 475-476, *lv denied* 95 NY2d 969).

Defendant further contends that his sentence is harsh and excessive and should be modified. Here, County Court was aware of defendant's lengthy criminal record and imposed concurrent sentences all within the statutory guidelines and in accordance with the plea bargain. Therefore, we find no reason to disturb the court's sentencing determination (*see, People v Archangel*, 272 AD2d 686).

Defendant's remaining arguments have been examined and found to be without merit.

Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.