■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY LEE MOREY, Appellant. [759 NYS2d 191] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 3, 2002 in Albany County, upon a verdict convicting defendant of the crimes of rape in the first degree, assault in the first degree, unlawful imprisonment in the first degree and attempted sodomy in the first degree.

On the night of May 25, 2001, the victim visited defendant at his apartment in the Town of Colonie, Albany County. When she decided to leave, she asked defendant for cab fare. Defendant evidently gave the victim $20 but demanded that she have sex with him. After the victim refused, defendant restrained her and had forcible intercourse with the victim. When the victim struggled, defendant became angry at her and punched her in the face and then hit her repeatedly in the head with what the victim believed was a pipe. The victim then feigned unconsciousness and defendant left. The victim bit her way out of her restraints and crawled outside where Officer Douglas Hoeffner found her. In response to Hoeffner's questioning, the victim, who was semiconscious and covered in blood, responded that defendant beat her.

Officer Christopher Ruff testified at trial that as he approached defendant at a bus stop, defendant blurted out, "I know why you're here and I did that to that woman. I'll tell you anything you need to know." Eventually, after defendant was advised of his *Miranda* rights, he admitted that he had sex with the victim, beat her over the head with a jack handle and tied her up. Defendant was charged in an indictment with several offenses, including attempted murder in the second degree. A jury ultimately convicted defendant of rape in the first degree, assault in the first degree, unlawful imprisonment in the first degree and attempted sodomy in the first degree. Supreme Court sentenced defendant as a persistent felony offender to an indeterminate term of incarceration of 25 years to life for each crime, with all sentences to run concurrently except the sentence for assault in the first degree, which was to run consecutively. Defendant appeals.

Initially, we agree with the People that defendant was not denied a fair trial by the admission of evidence regarding his participation in a drug and alcohol abuse treatment program. Such evidence was relevant as background information and, in any event, "does not demonstrate [a] propensity to engage in criminal conduct in general and certainly does not demonstrate

a propensity to commit the brutal [crimes] charged in the indictment" (*People v Gonsa*, 220 AD2d 27, 30 [1996], *lv denied* 89 NY2d 923 [1996]). Thus, defendant's motion for a mistrial was properly denied.

Further, we reject defendant's argument that the verdict was against the weight of the evidence. "If based on all the credible evidence a different finding would not have been unreasonable, then * * * [we must] 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]). If we determine that the jury has failed to give the evidence the weight it should have been accorded, we may set aside the verdict (*see People v Bleakley, supra* at 495; *People v Harris*, 274 AD2d 837, 840 [2000], *lv denied* 95 NY2d 935 [2000]).

Here, while the People did not submit physical evidence establishing that defendant was the perpetrator, defendant failed to offer any evidence contradicting the victim's compelling account of his actions. Despite defendant's assertions that the victim's testimony is not credible because she is allegedly an alcoholic and consumed a large quantity of alcohol prior to the attack, we conclude that the victim's testimony is not "so unworthy of belief as to be incredible as a matter of law" (*People v Roach*, 263 AD2d 763, 763 [1999], *lv denied* 93 NY2d 1045 [1999] [internal quotation marks omitted]). Indeed, her testimony and that of Officer Ruff regarding defendant's oral confession, which defendant also asserts is not credible, is wholly consistent with defendant's written confession. Thus, we cannot say that the jury, which had the opportunity to assess the witnesses' credibility by listening to their testimony and observing their demeanor, failed to give the evidence the weight it should have been accorded (*see id.; see also People v Harris, supra* at 840).

Next, we reject defendant's contentions that Supreme Court abused its discretion in sentencing him as a persistent felony offender and that the sentence imposed was harsh and excessive. Given defendant's criminal history—which includes a conviction for the crime of manslaughter in the first degree in connection with the death of his former girlfriend—as well as the violent nature of the crimes and seriousness of the injuries suffered by the victim, we conclude that the court did not abuse its discretion in determining that "extended incarceration and lifetime supervision * * * are warranted to best serve the public interest" (CPL 400.20 [1]; *see People v*

*Stokes,* 290 AD2d 71, 77 [2002], *lv denied* 97 NY2d 762 [2002], *cert denied* 537 US 859 [2002]; *People v Armlin,* 281 AD2d 818, 819 [2001], *lv denied* 96 NY2d 898 [2001]; *People v Wager,* 228 AD2d 741, 741-742 [1996], *lv denied* 89 NY2d 931, 1042 [1996]).

We have also considered defendant's argument based upon *Apprendi v New Jersey* (530 US 466 [2000]) and find that it is meritless (*see People v Rosen,* 96 NY2d 329, 334-335 [2001], *cert denied* 534 US 899 [2001]).

Crew III, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.